# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| ANTHIUM, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. N18L-09-044 ALR |
| | ) | |
| LOUISE SHELTON, as personal | ) | |
| representative of the ESTATE OF | ) | |
| JOSEPH WOOD, TANYA R. | ) | |
| GLASCO, heir, REGINALD L. | ) | |
| HARRIS, heir, IRA D. JONES, heir, | ) | |
| TIFFANY L. MATTHEWS, heir, | ) | |
| STACEY MCBALL, heir, LOUISE | ) | |
| SHELTON, heir, ANNETREA L. | ) | |
| WILKINS, heir, JOSEPH A. WOOD, | ) | |
| heir, MYRACLE WOOD, heir, | ) | |
| TIANNA S. WOOD, heir, | ) | |
| | ) | |
| Defendants. | ) | |

Submitted: November 5, 2019
Decided: December 4, 2019

*Upon Defendant Reginald L. Harris's Motion for Summary Judgment*
**DENIED WITHOUT PREJUDICE**

*Upon Plaintiff's Motion for Summary Judgment*
**DENIED WITHOUT PREJUDICE**

## <u>MEMORANDUM OPINION</u>

Catherine Di Lorenzo, Esquire, Wilmington, Delaware, Attorney for Plaintiff.

Reginald L. Harris, Self-Represented Litigant.

**Rocanelli, J.**

This is a *scire facias sur* mortgage action. Defendant Reginald L. Harris ("Harris") and Plaintiff Anthium, LLC ("Plaintiff") have submitted cross-motions for summary judgment. Harris initially filed a motion to dismiss, but because Harris submitted various supplemental materials with his motion, the Court converted Harris's motion to dismiss into a motion for summary judgment. The parties were afforded the opportunity to present all materials pertinent to such a motion under Superior Court Rule of Civil Procedure 56. Plaintiff opposes Harris's motion. Plaintiff has filed a motion for summary judgment which Harris opposes. The other defendants in this action (collectively with Harris, "Defendants") have taken no position on the pending motions.

## FACTUAL BACKGROUND

Harris is an heir of Joseph Wood. In 2007, Joseph Wood and Bridgette D. Hall ("Bridgette Hall") executed a home loan ("Loan") with Citifinancial, Inc. ("Citifinancial"). To secure the Loan, Joseph Wood executed a mortgage ("Mortgage"), which Joseph Wood delivered to Citifinancial. The Mortgage, which was recorded in New Castle County, granted a first priority lien on the property located at 65 Kennard Drive, Newark, Delaware 19711 ("Property") to Citifinancial. Joseph Wood is the sole mortgagor listed on the Mortgage.

The Mortgage contains various agreements between Joseph Wood and Citifinancial. First, the parties agreed that Joseph Wood would make timely

1

payments on the Loan and that Joseph Wood's failure to make timely payments would constitute a breach of the Mortgage and entitle Citifinancial to declare the Loan due and foreclose on the Mortgage after providing Joseph Wood with notice of the breach and an opportunity to cure. With respect to the notice and opportunity to cure, the parties agreed that the notice would specify (1) the breach; (2) the action required to cure the breach; (3) a date, not less than 10 days from the notice date, by which the breach must be cured; and (4) that a failure to cure the breach by the specified date may result in acceleration of the Loan sums, judicial foreclosure, and sale of the Property. The parties also agreed that any forbearance by Citifinancial in exercising its rights under the Mortgage would not constitute waiver of those rights or preclude Citifinancial from exercising those rights. Finally, the parties to the Mortgage agreed that the covenants and rights contained in the Mortgage would bind and inure to the parties' successors and assigns.

Joseph Wood died without a will on December 14, 2012. At the time of his death, Joseph Wood was married to Bridgette Wood.[1] Pursuant to Delaware's intestate succession laws Bridgette Wood received a life estate in the Property and Joseph Wood's heirs received future interests in the Property.[2] In September 2015,

---

[1] The record is silent regarding whether Bridgette Wood and Bridgette Hall are the same person, but the Court presumes that that they are. The Court's analysis is not dependent on this presumption.

[2] *See* 12 *Del. C.* § 502. While the parties agree that Delaware's intestate succession laws apply and that the interests in the Property distributed in this manner, neither

2

Citifinancial assigned the Mortgage to Citifinancial Servicing, LLC, which then assigned the Mortgage to Bayview Loan Servicing, Inc. ("Bayview"). Meanwhile, Joseph Wood's estate and/or Bridgette Wood defaulted on the Mortgage by failing to make payments on the Loan. Bridgette Wood died in February 2018, at which time Joseph Wood's heirs acquired possessory interests in the Property.[3] During the pendency of this action, Bayview assigned the Mortgage to Atlantica, LLC, which then assigned the Mortgage to Plaintiff.

## **LEGAL STANDARD**

The Court may grant summary judgment only where the moving party can "show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."[4] The moving party bears the initial

---

party cites to specific statutory authority. Moreover, neither party indicates whether any of Joseph Wood's surviving issue were also issue of Bridgette Wood, which is relevant to the distribution of a decedent's intestate estate. *See id.* § 502(3), (4). Upon review of the relevant statutory authority, the Court is satisfied that the interests in the Property distributed according to the parties' representations, regardless of whether Joseph Wood's surviving issue were issue of Bridgette Wood as well. *See id.* § 502(3) (providing the surviving spouse a life estate in intestate real estate when all surviving issue are issue of the surviving spouse); *id.* § 502(4) (providing the surviving spouse a life estate in intestate real estate when one or more surviving issue are not issue of the surviving spouse).

[3] The parties agree that Joseph Wood's heirs acquired possessory interests in the Property upon Bridgette Wood's death but cite no legal authority for this proposition. Upon review of Delaware law, the Court is satisfied that Joseph Wood's heirs acquired possessory interests in the Property upon Bridgette Wood's death. *See* 12 *Del. C.* § 503(1) ("The part of the intestate estate not passing to the surviving spouse . . . passes . . . [t]o the issue of the decedent, per stirpes . . . .").

[4] Super. Ct. Civ. R. 56.

3

burden of proof and, once that is met, the burden shifts to the non-moving party to show that a material issue of fact exists.[5] "A fact is material if it 'might affect the outcome of the suit under the governing law.'"[6] "A dispute about a material fact is genuine when 'the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'"[7] Thus, the issue is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law."[8] At the motion for summary judgment phase, the Court must view the facts "in the light most favorable to the non-moving party."[9]

## DISCUSSION

I. **Harris's Motion for Summary Judgment**

A. **The Complaint Is Not Time-Barred**

Harris argues that he is entitled to summary judgment because the Complaint is time-barred pursuant to 12 *Del. C.* § 2102(a), which provides:

> All claims against a decedent's estate which arose before or at the death of the decedent, . . . whether due or to become due, absolute or contingent, liquidated or unliquidated, founded on contract, tort or other legal basis, *except debts of which notice is presumed pursuant to § 2103*

---

[5] *Moore v. Sizemore*, 405 A.2d 679, 680–81 (Del. 1979).

[6] *Smith v. Haldeman*, 2012 WL WL 3611895, at *2 (Del. Super. Ct. Aug. 21, 2012) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 243 (1986)).

[7] *Gateway Estates, Inc. v. New Castle Cty.*, 2015 WL 13145613, at *13 (Del. Super. Ct. Sept. 19, 2015) (quoting *Anderson*, 477 U.S. at 248).

[8] *Id.* (quoting *Anderson*, 477 U.S. at 251–52).

[9] *Brzoska v. Olson*, 668 A.2d 1355, 1364 (Del. 1995).

4

*of this title*, *if not barred earlier by other statute of limitations*, are barred against the estate, the personal representative and the heirs and devisees of the decedent unless presented . . . within 8 months of the decedent's death.[10]

Harris argues that Section 2102(a)'s eight-month time-bar precludes Plaintiff's claims because the Complaint was not filed until six years after Joseph Wood's death.

Section 2102(a)'s eight-month time-bar does not preclude Plaintiff's claims. First, Plaintiff's claims arise from "debts of which notice is presumed pursuant to" 12 *Del. C.* § 2103. Section 2103 provides:

> An executor or administrator shall be deemed to have notice only to mortgages (but not of the bonds accompanying such mortgages) and of such judgments as would be liens against real estate at the date of death of the decedent, which mortgages and judgments are of record in the county of this State in which letters were granted upon the estate of the decedent, unless there has been a failure to insert them in the general indices of the office wherein it is proper that they be recorded.[11]

The Mortgage was recorded in New Castle County, Delaware, the same county in which the letters testamentary were granted. Accordingly, notice of the mortgage is presumed pursuant to Section 2103.

Second, Plaintiff's claims were not barred earlier by another statute of limitations. Section 2102(e)(2) of Title 12 provides a mortgage-foreclosure

---

[10] 12 *Del. C.* § 2102(a) (emphasis added).
[11] 12 *Del. C.* § 2103.

exception to Section 2102's general time-bar rules. Specifically, Section 2102(e)(2) provides:

> The failure to present a claim on a bond secured by a mortgage on real estate, in accordance with the foregoing provisions, shall not invalidate the bond so as to prevent the foreclosure of the mortgage on real estate at any time thereafter, but no claim may be asserted against the decedent's estate on or by reason of the bond.[12]

Plaintiff seeks an *in rem* foreclosure judgment on the Mortgage, not a monetary judgment on the bond or note. Accordingly, Plaintiff's failure to present the claim within eight months after Joseph Wood's death did not "invalidate the bond so as to prevent the foreclosure of the mortgage."[13]

Because notice of the Mortgage is presumed pursuant to Section 2103 and Plaintiff's claims were not barred earlier by other statutes of limitations, Section 2102(a)'s eight-month time-bar does not preclude Plaintiff's claims. Therefore, Harris has not shown that he is entitled to judgment as a matter of law on this basis.

## B. Harris Does Not Establish Fraud or Coercion

Harris's motion also states that Harris "would like to take issue with the fraudulent loan and mortgage," which Harris alleges were the result of coercion. Harris pleads no facts and provides no evidence supporting these allegations. Harris therefore has not satisfied his initial burden of "showing" that no material issues of

---

[12] 12 *Del. C.* § 2102(e)(2).
[13] *Id.*

fact are present.[14]  Accordingly, Harris is not entitled to summary judgment on this basis and Harris's motion for summary judgment must be denied.[15]

## II.    Plaintiff's Motion for Summary Judgment

Plaintiff argues that it is entitled to summary judgment because there is no dispute that Defendants are in breach of the Mortgage's terms.  Plaintiff correctly states that Defendants' breach is not disputed.  However, on this record, Plaintiff has nevertheless failed to meet its initial burden because Plaintiff has provided no evidence showing it provided Defendants with notice and opportunity to cure the breach.  The Court determines whether a genuine issue of material fact exists based on evidence in the record.[16]  The Mortgage conditions Plaintiff's right to foreclose the Mortgage on Defendants' failure to cure the breach "on or before the date specified in the notice."  Plaintiff points to no evidence showing that Plaintiff provided Defendants with notice of the breach or time to cure, as required by the

---

[14] *See Moore*, 405 A.2d at 680 ("A summary judgment may not be granted under Rule 56 unless there are no material issues of fact, and the moving party initially bears the burden of showing that none are present." (citation omitted)).

[15] *See id.* at 680–81; *see also* Super. Ct. Civ. R. 9(b) ("In all averments of fraud, . . . the circumstances constituting fraud . . . shall be stated with particularity.").

[16] *See Elenza, Inc. v. Alcon Labs. Holding Corp.*, 183 A.3d 717, 721 (Del. 2018) ("The movant must present sufficient evidence from which a rational trier of fact could find in its favor."); *see also* Super. Ct. Civ. R. 56(c) ("The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.").

Mortgage. Therefore, Plaintiff has not met its initial burden of showing no genuine issue as to any material fact. Accordingly, summary judgment is inappropriate on this record and Plaintiff's motion must be denied.

## **CONCLUSION**

The Complaint is not time-barred and Harris is therefore not entitled to judgment as a matter of law on that basis; summary judgment is therefore denied. In addition, Harris has not provided support for his claim that the mortgage resulted from fraud or coercion; summary judgment is therefore denied without prejudice. With respect to Plaintiff's motion, Plaintiff has produced no evidence showing that it complied with the notice and opportunity-to-cure requirements upon which the Mortgage conditions Plaintiff's right to foreclose; summary judgment is therefore denied without prejudice.

**NOW, THEREFORE, this 4th day of December 2019, Defendant Reginald Harris's motion for summary judgment is hereby DENIED as to the statute of limitations and DENIED WITHOUT PREJUDICE as to fraud and coercion and Plaintiff's motion for summary judgment is hereby DENIED WITHOUT PREJUDICE.**

**IT IS SO ORDERED.**

*Andrea L. Rocanelli*
**The Honorable Andrea L. Rocanelli**

8